UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                          Case No. 6:25-cv-139-RBD-DCI

PHEDSON DORE; and JOHN
BORGELA,

    Defendants.

_____

**ORDER**

In this case arising from Defendants' fraudulent preparation of tax returns, Plaintiff sued to enjoin Defendants from preparing federal income tax returns. (Doc. 1.) In the underlying criminal case, Defendant John Borgela pled guilty, and the Court permanently enjoined him from preparing or filing federal tax returns as part of his sentence. *See United States v. Borgela*, 6:24-cr-45 (M.D. Fla. 2024) (Docs. 4, 41). Plaintiff now moves for: (1) entry of default judgment against Borgela for failing to respond to the Complaint; and (2) a permanent injunction against Borgela, arguing that the injunction in the underlying criminal case is limited to the two-year supervised release period. (Doc. 33.) On referral, U.S. Magistrate Judge Daniel C. Irick recommends denying Plaintiff's motion because it is untimely, and the injunctive relief requested would be duplicative. (Doc. 35

("R&R").) Plaintiff objects, arguing that it believed the motion was timely when filed and that there is no overlap in the requested injunctive relief. (Doc. 36.)

When a party objects to a magistrate judge's findings, the district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). The district court "may accept, reject, or modify the recommended disposition." *Id.*

Upon consideration of the record as a whole and Plaintiff's objections, the Court agrees with Magistrate Judge Irick's comprehensive, well-reasoned R&R. Even if the motion were timely, the Court remains unpersuaded that additional injunctive relief is necessary. True, the injunction is included in the "additional conditions of supervised release" section of the Court's criminal judgment. *See Borgela*, 6:24-cr-45 (Doc. 41, p. 5). But the condition clearly states that Borgela "shall be *permanently* enjoined," leaving no question as to its permanency. *Id.* (emphasis added). Nor has Plaintiff provided any authority for its assertion that a permanent injunction imposed as a condition of supervised release expires once the supervised release period concludes. (*See* Doc. 36.) So the Court need not impose a duplicative civil injunction to prevent conduct that is already enjoined. And absent an entitlement to the requested relief, default judgment is improper. *See Pathward, Nat'l Ass'n v. Bay Area Primary Care, Inc.*, No. 8:23-CV-1973, 2024 WL 1406184, at *1 (M.D. Fla. Feb. 29, 2024), *report and recommendation adopted*, No. 8:23-

CV-1973, 2024 WL 2874790 (M.D. Fla. Mar. 15, 2024).

Accordingly, it is **ORDERED AND ADJUDGED**:

1. Plaintiff's objection (Doc. 36) is **OVERRULED**.

2. The R&R (Doc. 35) is **ADOPTED AND CONFIRMED** and made a part of this Order in its entirety.

3. Plaintiff's Motion (Doc. 33) is **DENIED**.

4. Plaintiff's Complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE** in light of this order.

5. All pending motions are denied as moot and all deadlines and hearings are terminated.

6. The Clerk is **DIRECTED** to close the file.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on June 24, 2026.

ROY B. DALTON, JR.
United States District Judge

3